IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORVILLE PRESLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| S.M. WILSON & CO., ) | Case No. 08-cv-0197-MJR-DGW |
| ) | |
| Defendant ) | |
| and Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GRS CONSTRUCTION, INC. ) | |
| and ERIC INSURANCE GROUP, ) | |
| ) | |
| Third-Party Defendants. ) | |

MEMORANDUM and ORDER

Reagan, District Judge:

In late December 2005, Orville Preslar was injured while working as a custodian. Preslar was cleaning a classroom in a portable building at Columbia Middle School in Monroe County, Illinois. At that time a construction project was underway at the school, with S.M. Wilson & Co. (Wilson) serving as construction manager on the project.

Preslar filed suit in Illinois state court in December 2007, naming Wilson as the sole Defendant. Preslar alleged that his serious injuries – sustained in falling from the classroom doorway a "significant distance to the ground – were

proximately caused by Wilson's negligence in, *inter alia*, (a) removing the steps leading to the entrance to the classroom in which Preslar was working, (b) failing to ascertain whether anyone was in the classroom before removing the steps, and (c) failing to warn Preslar that the steps had been removed.

Served with the state court complaint in February 2008, Wilson removed the action to this federal District Court in March 2008, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. After ascertaining that the amount in controversy sufficed and that the parties were completely diverse (Preslar is an Illinois citizen; Wilson is a citizen of Delaware and Missouri), the undersigned District Judge tracked the case and set a firm trial date. Magistrate Judge Donald G. Wilkerson then entered a Scheduling Order.

Wilson answered Preslar's complaint on March 13, 2008, and discovery got underway. On August 1, 2008, Defendant Wilson obtained leave to file a third-party complaint against G.R.S. Construction (GRS) and Erie Insurance Group. Wilson's third-party complaint (Doc. 13) identified GRS as the contractor hired to remove the temporary decking between the portable classroom buildings, including the building in which Preslar was working when the stairs were removed (just before Preslar exited the classroom and fell from the doorway).

Wilson seeks to hold GRS liable, *inter alia*, under the Illinois Joint

Tortfeasors Contribution Act (Doc. 13, p. 6): "GRS Construction removed the stairs, and ... if S.M. Wilson could be liable for any of the alleged negligence asserted by plaintiff, then GRS Construction would be liable for the same reasons."

GRS and Erie obtained multiple extensions of time to respond to Wilson's third-party complaint (*see* Docs. 21, 22, 26, 27), ultimately moving to dismiss it (Docs. 30 and 35). The Court entered a briefing schedule on GRS' and Erie's dismissal motions, with briefs due through November 25, 2008 and December 2, 2008 respectively (Docs. 33, 38).

Before the dismissal motions were fully briefed, Plaintiff Preslar moved for leave to file a first amended complaint and to remand the case to state court (Doc. 43, filed November 14, 2008). GRS and Erie vigorously oppose Preslar's motion in briefs filed December 2, 2008 (*see* Docs. 54, 55). Additionally, on December 4, 2008, GRS filed a third-party complaint for contribution against Columbia Unit School District 4 (Doc. 57).[1]

The parties have thoroughly briefed Preslar's motion. The straightforward issue before this Court is whether Preslar should be allowed leave to amend his complaint to add GRS as a Defendant. As to complaint

---

[1] GRS' third-party complaint against Columbia Unit School District 4 was filed December 4, 2008. As of the date this Order was drafted, the record revealed no service on (or entry of appearance by) Columbia School. The caption of this Order omits GRS' claim against Columbia School, for the sake of brevity.

amendments before trial, Federal Rule of Civil Procedure 15(a)(2) instructs: "The court should freely give leave when justice so requires." *See also Foster v. DeLuca*, 545 F.3d 582, 583-84 (7th Cir. 2008)(Rule 15(a) "**dictates that leave to amend a pleading shall be freely given 'when justice so requires'**"…). In the case at bar, the balance tips in favor of permitting amendment.

Initially, the Court notes that Preslar has not sought amendment before now (this would be his First Amended Complaint). *See, e.g., Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 666 (7th Cir. 2007)(One reason for *denying* leave to amend is "**repeated failure to cure deficiencies by amendments previously allowed…**"). More importantly, the amendment is sought so that Preslar can state a *direct* cause of action against GRS – a party whom Preslar did not know of prior to commencing his action, a party whom Preslar only learned of during discovery produced by Wilson, and a party whom Wilson itself brought into this lawsuit via the third-party complaint Wilson was just given leave to file on August 1, 2008.

Stated another way, the pleadings indicate a genuine basis for Preslar's claims against GRS (not a speculative or far-fetched theory of liability against GRS). And although Preslar could have sought the amendment several months before his November 14th motion, the record reveals no bad faith or

dilatory conduct by Preslar.

GRS vehemently objects to being added as a direct Defendant by Preslar. Insisting that amendment would be futile, GRS asks this Court to declare Preslar's claims against GRS time-barred under applicable Illinois statutes of limitation. The law of this Circuit recognizes that a Court can exercise discretion to deny leave to amend where the amendment would be utterly futile. *See, e.g.,* **Sound of Music Co. v. Minnesota Min. & Mfg. Co.**, 477 F.3d 910 (7th Cir. 2007). Here, however, the Court is not convinced that amendment would be futile.

First, it is far from clear that all Preslar's claims against GRS would be subject to dismissal based on statutes of limitation. Indeed, there is a question as to whether a two-year or four-year limitation period applies (*see* 735 ILCS 5/13-202 and 5/13-214).

Second, even assuming that the two-year period governs *all* possible claims against GRS, to conclude that amendment is futile, the undersigned Judge would also have to find no "relation back" between the filing of the amended complaint and the original complaint *and* declare that Illinois' "discovery rule" did not postpone the commencement of the limitation period. Put simply, the Court is not convinced that amendment would be futile.

Nor was Preslar's delay in seeking amendment excessive. The United

States Court of Appeals for the Seventh Circuit has explained that although Rule 15(a)(2) "reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion [or] if the opposing party would suffer undue prejudice...." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

Bearing note is the fact that the delay in *Soltys* was over 14 months, nearly three times as long as the delay in the case at bar. Delay "on its own is usually not reason enough for a court to deny a motion to amend," *id., citing Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004), but "the longer the delay, the greater the presumption against granting leave to amend," *id.* Here, Preslar did not unduly delay in moving (on November 14th) to add GRS as a Defendant.

GRS' role as the subcontractor on the school project was not known to Preslar until Defendant Wilson answered discovery requests in late June 2008, furnishing correspondence between Wilson and GRS which outlined the scope of work GRS was to complete for Wilson on the school project. On August 1, 2008, Wilson obtained leave to add GRS via third-party complaint, more fully delineating its claims against GRS, and GRS first entered this case by answering the third-party complaint on October 21, 2008. Preslar's motion to amend followed on November

14, 2008.  The record before this Court shows no undue or excessive delay by Preslar in seeking to add GRS as a direct Defendant.

Furthermore, the record is wholly devoid of evidence of bad faith, harassment or improper motive by Preslar in naming GRS as a Defendant.  Finally, the Court concludes that GRS will not suffer undue prejudice if the amendment is allowed.  GRS already is "in" the case as a third-party Defendant.  Moreover, denying the requested amendment would force Preslar to pursue a separate claim against GRS in state court while simultaneously maintaining his claim against Wilson in this federal forum.  The risk of duplicative or overlapping litigation is significant. Judicial economy will be furthered by a single suit in a single venue.

For all these reasons, the Court concludes that Preslar should be given leave to amend the complaint to add GRS as a Defendant.  The inquiry does not end there, because the only basis for subject matter jurisdiction is 28 U.S.C. § 1332, and the addition of GRS (an Illinois citizen) destroys complete diversity. 28 U.S.C. § 1447(e) guides this Court's inquiry as to what follows the addition of GRS as a named Defendant:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

This Court has permitted the joinder of GRS as a Defendant herein and

now confronts the undisputed fact that GRS is an Illinois citizen. Complete diversity no longer exists between the parties, because Plaintiff Preslar is an Illinois citizen as well. Thus, this Court must REMAND the action to the state court from which it originated.

The Seventh Circuit described this course of action in *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330 (7th Cir. 2005):

> When a plaintiff amends his complaint after removal in a way that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper. If the plaintiff amended simply to destroy diversity, the district court should not remand. See 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure (1998 and Supp.), § 3723, at p. 591....
>
> **But an amendment that is made for legitimate purposes may be a proper ground for a remand to state court.** See id. at p. 592 ("the court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to state court will prejudice the defendant"); see also Costain Coal Holdings, Inc. v. Resource Inv. Corp., 15 F.3d 733, 734-35 (7th Cir.1994) (directing district court to remand case to state court after indispensable party intervened destroying diversity).

*Id.* at 333, emphasis added.

Amendment of Preslar's complaint is appropriate under Rule 15(a),

because "justice so requires" that he be allowed to add GRS as a Defendant. The addition of GRS to the lawsuit destroys diversity, divesting this Court of the only basis for exercising subject matter jurisdiction. Therefore, under 28 U.S.C. § 1447(e), the undersigned Judge must remand the action to state court.

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend his complaint to add GRS as a Defendant (Doc. 43). Complete diversity does not exist between the parties (both Preslar and GRS are Illinois citizens). Lacking subject matter jurisdiction, the Court **REMANDS** this case to the Circuit Court of St. Clair County, Illinois.

IT IS SO ORDERED.

DATED this 9th day of December 2008.

                                          s/ *Michael J. Reagan*
                                          MICHAEL J. REAGAN
                                          United States District Judge